## 43337. GAY v. THE STATE.

EBERHARDT, Judge. After conviction on two counts of burglary, one of escape and the entering of a plea of guilty on two larceny (car theft) charges and sentencing thereon (the sentences to run concurrently), the defendant moved to vacate the judgment, plea and sentences on the ground that he had not been advised of his right to counsel at any stage of the proceeding, and that he had not had counsel to assist him in the trial of the burglary case or to advise him relative to pleading to the larceny charges, he being wholly without property or means with which to employ counsel. A hearing was had on the motion at which the solicitor general, the sheriff and a G. B. I. agent all testified that the defendant had been fully advised of his right to counsel, from the time of his arrest through the trial and entering of the plea, and that he had been informed that if he were without counsel, unable to employ one and desired an attorney, the court would appoint one for him, but he had asserted that he did not desire

an attorney insofar as the burglary charge was concerned, though if he were to be tried on the larceny charges he did want one. The larceny charges were then separated from the others and, after conviction on the burglary and escape charges, according to testimony of the solicitor, the defendant changed his mind about the larceny charges, called him and said he wanted to plead guilty to them. The solicitor testified that at that time he and the judge informed defendant of his right to have counsel for advising with him concerning whether he should enter the plea, but the defendant stated that he wanted no lawyer, that he was guilty of the larceny charges and wanted to get everything behind him. He waived indictment and entered his plea on an accusation.

The defendant testified at the hearing, and on cross examination was asked if he did not remember being advised of his right to counsel at all stages of the proceedings and of the fact that if he could not employ counsel, and wished to have one, the court would appoint one for him. To that inquiry he answered: "Well, I'm not clear, it's not clear in my mind exactly what was said. Q. You don't know whether that was said or not? A. Well I wouldn't deny it, but it's not clear in my mind what was said. Q. You did talk to the judge and I for quite a little while that morning, didn't you? A. Yes sir, yes sir. Q. You remember the judge advising you of your right to a lawyer? A. Well, I won't deny that it didn't happen, but otherwise, as I said I was mentally confused." *Held:*

The evidence demands a finding that the defendant was informed of his rights, which he intelligently waived, and dismissal of the motion to vacate the judgment, plea and sentences was proper.

*Judgment affirmed. Felton, C. J., and Whitman, J., concur.*

SUBMITTED JANUARY 8, 1968—DECIDED FEBRUARY 1, 1968.

John Wesley Gay, *pro se.*